## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

JOHN THOMPSON AND LEIGH ANN )
THOMPSON, INDIVIDUALLY AND )
ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
                                       )
        Plaintiffs, )
                                        )     Civil Action File
v. )     No.:   5:14-CV-32-MTT    
                                         )
STATE FARM FIRE AND CASUALTY )
COMPANY, )
                                         )
        Defendant. )
_____)

## COMPLAINT AND PETITION FOR CERTIFICATION

## OF CLASS ACTION

COMES NOW Plaintiffs John Thompson and Leigh Ann Thompson, individually and on behalf of all others similarly situated, and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, file this their Complaint and Petition for Certification of Class Action, respectfully showing:

## JURISDICTION AND VENUE

### 1.

Plaintiffs John Thompson and Leigh Ann Thompson are husband and wife, and reside at 461 Tioram Lane, SE, Smyrna, Georgia, 30082-5239. Plaintiffs' dwelling and property are insured by State Farm Fire and Casualty Company

pursuant to Policy Number 11-N6-3117-9 ("Policy").  Said policy of insurance was applied for and obtained in the State of Georgia.

2.

Defendant State Farm Fire and Casualty ("State Farm") is an Illinois insurance company which maintains a registered office in the State of Georgia and is a licensed insurer in the State of Georgia.  State Farm has numerous agents and places of business in Georgia, many of which were located in Macon, Georgia at the time the causes of action alleged herein accrued.  State Farm continues to maintain agents and places of business in Macon, Georgia.   State Farm may be served with process upon its registered agent for service, Tyrone Smith, located at 11350 Johns Creek Parkway, Duluth, Georgia 30097.

3.

This Court has jurisdiction over the parties and the subject matter of this action, and venue in this Court is proper pursuant to the provisions of 28 U.S.C. § 1332(d)(2)(A) and 28 U.S.C § 1391(d).

**ALLEGATIONS SPECIFIC TO THE NAMED PLAINTIFFS**

4.

Plaintiffs incorporate Paragraphs 1-3 as if fully set forth herein.

5.

At all times pertinent hereto, Plaintiffs maintained homeowner's insurance with State Farm.

6.

As required by State Farm, Plaintiffs timely paid their premiums to State Farm.

7.

In consideration for Plaintiffs' payment of premiums, State Farm issued the Policy to Plaintiffs.  The Policy was issued in the State of Georgia.

8.

The Policy was drafted by State Farm.

9.

Under Georgia law, coverage for diminution in value losses has been, and is, part of the contracts of homeowner's insurance issued by State Farm to Plaintiffs and to other insureds throughout the State of Georgia.

10.

Under Georgia law, when insureds present first-party physical damage claims under their homeowner's insurance policies, the insurers are required to pay not only the costs of repair but also any diminution in the value of the insured property.

11.

Implied in every contract, including the contract of insurance wherein State Farm agreed to provide coverage to Plaintiffs, is the covenant of good faith and fair dealing.  Defendant State Farm had the duty to treat Plaintiffs, as its insureds, with the utmost good faith.

12.

On September 20, 2013, Plaintiffs' dwelling and property was insured under the Policy issued by State Farm.  As of that date, the Policy provided Plaintiffs with several coverages, including Dwelling, Personal Property, and Loss of Use coverage.

13.

On September 20, 2013, Plaintiffs' dwelling, which was insured under the Policy, sustained damage due to an event covered under the Policy.  Plaintiffs timely reported the loss to State Farm.

14.

State Farm adjusted Plaintiffs' claim arising out of the loss, authorized repairs to Plaintiffs' dwelling, and subsequently paid certain repair costs.

15.

At the time State Farm authorized the repairs to Plaintiffs' dwelling and adjusted the claim, no one from, or on behalf of, State Farm advised Plaintiffs that they were entitled to recover for diminution in value to their property.  No one

from, or on behalf of, State Farm provided Plaintiffs with any information, materials, or documents that referenced or explained Plaintiffs' rights under the Policy with regard to a claim for diminution in value.

16.

Plaintiffs inquired with State Farm about their right to recover for diminution in value. State Farm, through its authorized agent, informed Plaintiffs that they were not entitled to be compensated for diminution in value under the Policy.

17.

State Farm failed to evaluate Plaintiffs' diminution in value loss.

18.

State Farm failed to pay Plaintiffs' diminution in value loss to Plaintiffs.

19.

By failing to account for diminution in value as an element of loss and by failing to pay its insureds the diminution in value of their property, State Farm breached the Policy, including the covenant of good faith and fair dealing inherent therein.

20.

State Farm's breach of contract has injured and harmed Plaintiffs and has proximately caused Plaintiffs damages for which they seek recovery.

21.

Plaintiffs are entitled to recover damages for State Farm's breach of contract.

## CLASS CERTIFICATION

22.

Plaintiffs incorporate Paragraphs 1-21 as if fully set forth herein.

23.

State Farm has issued or been integrally involved in issuing homeowner's insurance policies throughout the State of Georgia. The Policy issued to Plaintiffs is the same or substantially similar to numerous policies of insurance issued by State Farm to insureds throughout the State of Georgia.

24.

Despite the fact that its homeowner's policies of insurance provide coverage for diminution in value losses, State Farm has implemented, and continues to implement, procedures whereby it refuses to evaluate diminution in value losses in first-party physical damage claims, refuses to pay diminution in value losses in first-party physical damage claims, fails to inform or notify its policyholders of

coverage for diminution in value, and fails to establish procedures to handle such diminution in value claims.

25.

State Farm's failure to evaluate and pay diminution in value respecting first-party physical damage claims, to inform or notify its policyholders of coverage for diminution in value, and to establish procedures to handle such diminution in value claims has resulted in numerous and systematic breaches of contract by State Farm.

26.

Plaintiffs were insured by State Farm and had coverage against risks of direct physical loss to their dwellings under the Policy.  At the time Plaintiffs submitted their claims to State Farm and State Farm authorized repairs to Plaintiffs' dwellings and adjusted the claims, State Farm did not tell Plaintiffs anything about diminution in value, did not evaluate Plaintiffs' diminution in value loss, and did not pay that loss to Plaintiffs.

27.

Upon information and belief, State Farm has treated all of its policyholders who have presented first-party physical damage claims under their homeowner's insurance policies the same or substantially the same way State Farm treated Plaintiffs when they presented their claims.

28.

By paying only for repairs and by failing to pay for diminution in value of its insureds' properties, State Farm's conduct has been, and is, in violation of Georgia law.

29.

Plaintiffs seek certification of two or more classes of similarly situated persons in order to: (a) prohibit State Farm from failing or refusing to pay diminution in value, and to require State Farm to notify its homeowner's insurance policyholders of the coverage and establish procedures to handle such claims, and to require State Farm in the future to honor and abide by its contractual obligations and the law of the State of Georgia to pay diminution in value when policyholders present first-party physical damage claims arising from direct physical losses to their insured properties; and (b) to require State Farm to pay damages to those insureds who, under their homeowner's insurance policies, have presented first-party physical damage claims arising from direct physical losses to their insured properties and were not paid diminution in value losses by State Farm.

30.

Specifically, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all others similarly situated, as representatives of the following classes:

### A.

All persons currently insured under homeowners insurance policies issued by State Farm (hereinafter the "Equitable Relief Class").

### B.

All former or current homeowners insurance policyholders of State Farm who presented first-party physical damage coverage claims arising from direct physical damage to their properties within the applicable limitations period wherein diminution of value was not paid in connection with said claims (hereinafter the "Breach of Contract Class").

## FEDERAL RULE OF CIVIL PROCEDURE 23 (a)

### 31.

Plaintiffs incorporate Paragraphs 1-30 as if fully set forth herein.

### 32.

The prerequisites of Rule 23 (a) of the Federal Rules of Civil Procedure are satisfied.

### 33.

Specifically, State Farm insures hundreds of thousands of persons in the State of Georgia, which persons would be in the Equitable Relief Class. The Equitable Relief Class consists of persons so numerous as to make it impracticable to bring all class members before this Court.

34.

State Farm insures thousands of persons in the State of Georgia, which persons would be in the Breach of Contract Class described above. The Breach of Contract Class consists of persons so numerous as to make it impracticable to bring all class members before this Court.

35.

The claims of Plaintiffs and the members of the Equitable Relief Class involve common questions of law and fact. Plaintiffs and all of the members of the Equitable Relief Class maintain physical damage insurance coverages pursuant to policies of homeowner's insurance issued by State Farm, containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses. State Farm has developed policies, practices, and procedures for the repair of properties and the adjustment and settlement of claims that omit or conceal reference to, consideration of, and payment for diminution in value. State Farm applies these policies, practices and procedures in a similar fashion to Plaintiffs and all other members of the Equitable Relief Class. Plaintiffs and the members of the Equitable Relief Class all have an interest in ensuring that State Farm adjusts claims in the future in a manner which is consistent with Georgia law.

36.

The claims of Plaintiffs and the members of the Breach of Contract class involve common questions of law and fact. Plaintiffs and all of the members of the Breach of Contract Class maintain, or have maintained, physical damage insurance coverages pursuant to homeowner's policies of insurance issued by State Farm, containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses. Plaintiffs and the members of the Breach of Contract Class all made claims upon State Farm for adjustment of first-party physical damage claims arising under the coverages of homeowner's insurance policies issued by State Farm. When adjusting such claims, State Farm failed to pay diminution in value losses to Plaintiffs and the members of the Breach of Contract Class.

37.

The claims of Plaintiffs are typical of those of the members of the Equitable Relief Class. Plaintiffs' claims arise out of contracts of insurance that have not been performed due to the policies, practices, and procedures of State Farm that omit or conceal reference to, consideration of, and payment for diminution in value. Likewise, each Equitable Relief Class member's claim arises out of a substantially similar contract of homeowner's insurance and policies, practices,

and procedures of State Farm that omit or conceal reference to, consideration of, and payment for diminution in value.

38.

The claims of Plaintiffs are typical of those of the members of the Breach of Contract Class.  Plaintiffs' claims arise out of contracts of homeowner's insurance and the breach thereof by State Farm.  Likewise, each Breach of Contract Class member's claim arises out of substantially similar contracts of insurance that were breached by State Farm in a substantially similar manner, i.e., by State Farm's failure to consider and pay for diminution in value.

39.

Plaintiffs will fairly and adequately represent the interests of all members of each class.  Plaintiffs seek equitable and monetary relief.  Plaintiffs are represented by counsel experienced in complex and class action litigation.

**<u>FEDERAL RULE OF CIVIL PROCEDURE 23 (b)(2) –</u>**

**<u>THE EQUITABLE RELIEF CLASS</u>**

40.

Plaintiffs incorporate Paragraphs 1-39 as if fully set forth herein.

41.

The Equitable Relief Class may be maintained pursuant to Rule 23 (b)(2) of the Federal Rules of Civil Procedure.

42.

State Farm has acted or refused to act on grounds that apply generally to the members of the Equitable Relief Class, so that final injunctive relief is appropriate respecting the class as a whole.   Specifically, State Farm has failed to evaluate and pay diminution in value losses to its insureds in a manner which is generally applicable to the members of the Equitable Relief Class, thereby making appropriate final injunctive relief with respect to the Equitable Relief Class as a whole.

**FEDERAL RULE OF CIVIL PROCEDURE 23 (b)(1) and (b)(3) –**

**THE EQUITABLE RELIEF CLASS AND THE BREACH OF CONTRACT**

**CLASS**

43.

Plaintiffs incorporate Paragraphs 1-42 as if fully set forth herein.

44.

The Equitable Relief Class and the Breach of Contract Class may be maintained pursuant to Rule 23 (b)(1)(A), (b)(1)(B), and (b)(3).

45.

Specifically, certifying the Equitable Relief Class and the Breach of Contract Class is appropriate pursuant to Rule 23(b) (1)(A) because prosecution of separate actions by individual class members would create a risk of inconsistent or varying

adjudications with respect to individual class members which would establish incompatible standards of conduct for State Farm.

46.

Certifying the Equitable Relief Class and the Breach of Contract Class is appropriate pursuant to Rule 23 (b) (1)(B) because prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

47.

Certifying the Equitable Relief Class and Breach of Contract Class is appropriate pursuant to Rule 23 (b)(3) because questions of law and fact common to the members of the Breach of Contract Class and the Equitable Relief Class predominate over any questions affecting only individual members of the Breach of Contract Class and the Equitable Relief Class, and certification of the Breach of Contract Class and the Equitable Relief Class is superior to all other available methods for the fair and efficient adjudication of this controversy.

48.

The Equitable Relief Class requested herein should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49.

The Breach of Contract Class requested herein should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## COUNT 1 – BREACH OF CONTRACT

50.

Plaintiffs incorporate Paragraphs 1 through 49 as if fully set forth herein.

51.

During the relevant class period, Plaintiffs and all members of the Breach of Contract Class maintained coverage against risks of direct physical loss to their properties under policies of homeowner's insurance issued by State Farm. These policies of homeowner's insurance were drafted by State Farm, and are accordingly construed against State Farm.

52.

Implied in every contract, including the contracts of insurance wherein State Farm agreed to provide homeowner's insurance coverage to Plaintiffs and the members of the Breach of Contract Class, is the covenant of good faith and fair dealing. State Farm had the duty to treat Plaintiffs and the members of the Breach of Contract Class with the utmost good faith.

53.

During the relevant class period, Plaintiffs and the other members of the Breach of Contract Class all made first-party claims against State Farm for damage to dwellings which were covered under the homeowner's insurance policies issued by State Farm.

54.

Despite being required to do so by its policies of homeowner's insurance and Georgia law, State Farm failed to evaluate the diminution in value losses of Plaintiffs and the other Breach of Contract Class members and failed to pay these losses to Plaintiffs and the other Breach of Contract Class members.

55.

By failing to account for diminution in value as an element of loss and failure to pay Plaintiffs and the Breach of Contract Class members the diminution in value of their properties, State Farm breached the homeowner's insurance contracts, including the covenant of good faith and fair dealing inherent therein.

56.

The breaches of contract by State Farm have injured and harmed Plaintiffs and the Breach of Contract Class members and have proximately caused them damages.

57.

Plaintiffs and the members of the Breach of Contract Class are entitled to recover damages from State Farm for breach of contract. Accordingly, Plaintiffs sue on behalf of themselves and the other Breach of Contract Class members in order to recover for amounts due to members of that class based upon State Farm's failure to evaluate and pay diminution of value in the aforesaid first-party claims of Plaintiffs and the other Breach of Contract Class members.

## COUNT 2 – EQUITABLE RELIEF

58.

Plaintiffs incorporate Paragraphs 1 through 57 as if fully set forth herein.

59.

With knowledge of its contractual obligations, and pursuant to a scheme to avoid such contractual obligations, State Farm has failed or refused to pay for diminution in value respecting first-party physical damage claims, to inform or notify its homeowner's insurance policyholders of coverage for diminution in value, and to establish procedures to handle such claims, though both the provisions of the homeowner's policies of insurance it issued and Georgia law require State Farm to pay its policyholders for diminution in value.

60.

Plaintiffs and the Equitable Relief Class members will be injured and harmed by State Farm's systematic and repeated breaches of contract and on-going practice and policy to avoid its contractual obligations to pay for diminution in value.

61.

Plaintiffs, on behalf of themselves and the other members of the Equitable Relief Class, request that the Court enter a permanent injunction requiring State Farm (a) to notify its homeowner's policy holders of coverage for diminution in value losses and to establish procedures to handle diminution in value losses; (b) to evaluate all first-party claims for the presence of the diminution in value losses; and (c) to pay such diminution in value losses where they exist.

**WHEREFORE**, the Plaintiffs pray:

(a) that summons and process issue to the Defendant as required by law;

(b) that Plaintiffs, individually, recover compensatory damages for the injuries and damages they have incurred in the amount to be proven at trial;

(c) that this Court certify the Breach of Contract Class and the Equitable Relief Class requested herein, and that the Court find and conclude that Plaintiffs are appropriate representative of these classes;

(d) that this Court find and conclude that the undersigned counsel fairly and adequately represent and protect the interests of the Breach of Contract Class and the Equitable Relief Class requested herein, and certify the undersigned counsel to act as counsel for these classes;

(e) that judgment be entered against State Farm in such amount as will fully and adequately compensate Plaintiffs and the other members of the Breach of Contract Class;

(f) that this Court enter a permanent injunction requiring State Farm to evaluate for and, if found, pay diminution in value when policyholders present first-party physical damage claims arising from covered losses;

(g) that this Court enter a permanent injunction requiring State Farm to make clear and obvious to policyholders their contractual right to be compensated for diminution in value losses and requiring State Farm to establish procedures to handle such diminution in value losses;

(h) that Plaintiffs have a trial by jury with respect to the legal claims; and

(i) that this Court grant such other and further relief as it deems just and proper under the premises.

Respectfully submitted, this 22nd day of January, 2014.

KOPELMAN SITTON LAW GROUP, LLC

*/s/* Clint W. Sitton
CLINT W. SITTON
Georgia State Bar No. 649420

*/s/* Richard Kopelman
RICHARD KOPELMAN
Georgia State Bar No. 428115

3405 Piedmont Road, N.E.
Suite 500
Atlanta, Georgia 30305
Phone: 404-351-5900
Facsimile: 404-832-8421
Clint@kopelmansitton.com
Richard@kopelmansitton.com

STACK & ASSOCIATES, P.C.

*/s/* C. Cooper Knowles
C. COOPER KNOWLES
Georgia State Bar No. 426699

260 Peachtree Street, N.W.
Suite 1200
Atlanta, Georgia 30303
Phone:  404-525-9205
Facsimile: 404-522-0275
Cknowles@stack-envirolaw.com

PRINCENTHAL & MAY, LLC.


*/s/* Adam P. Princenthal
ADAM P. PRINCENTHAL
Georgia State Bar No. 588219

5901 Peachtree Dunwoody Road
Building A, Suite 525
Sandy Springs, Georgia 30328
Phone:  678-534-1980
Facsimile: 404-806-0624
Adam@princemay.com

Attorneys for Plaintiffs